IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CURTIS J. HARDY

V.                                           CIVIL NO. 3:16-CV-460-HTW
                                             CRIMINAL NO. 3:03-CR-68- HTW-1

UNITED STATES OF AMERICA

## ORDER

Before the Court are: 1) the motion by Petitioner-Defendant Curtis J. Hardy (hereafter "Hardy") to deem admitted all of the arguments and allegations of his petition under 28 U.S.C. § 2255 **[doc. no. 116];** and 2) Hardy's motion for an extension of time to file a reply to the Government's brief in response to his §2255 petition. **[doc. no. 119].**

Hardy filed his motion under 28 U.S.C. § 2255 [docket no. 114], seeking to have his sentence vacated, set aside or corrected. Hardy alleges that his case should be reopened for further sentencing proceedings in light of *Johnson v. United States,* 135 S.Ct. 2551 (2015). In *Johnson*, the United States Supreme Court found that the term "violent felony" as defined in the residual clause of the Armed Career Criminal Act ("ACCA")[1] was unconstitutionally vague. Hardy was not sentenced under the ACCA, but alleges that career offender guidelines provisions under which his sentence was enhanced, contain language similar to the language that was found to be unconstitutionally vague by the United States Supreme Court in *Johnson*. Hardy contends, therefore, that the ruling in *Johnson* is applicable to his case.

By its order of February 17, 2017, [doc. no. 115], this court ordered the Government to respond to Hardy's motion. The Government failed to do so within the time designated by the court. Hardy, therefore, filed his motion asking that the matters alleged in his petition be deemed

---
[1] The Armed Career Criminal Act is codified at Title 18 U.S.C. § 924(e)(2)(B).

1

admitted and that his petition under §2255 be granted.  The Government then filed its response to the "motion to deem admitted" [doc. no. 117] and its response in opposition to the §2255 motion [doc. no. 118] on March 23, 2017.

The Court is persuaded that to deem petitioner's allegations as admitted would not be appropriate.  To deem the alleged matters admitted and grant the petition, would be akin to a default judgment; and, as the Government points out in its brief [doc. no. 47], default judgments are not appropriate in habeas proceedings. *United States v. Morrison*, 2016 WL 5886697, at *40 (W.D. Tex. Aug. 10, 2016) (citing *Hyder v. Quarterman,* 2007 W.L. 2823301, at *6 (S.D. Tex. Sept. 27, 2007)).  According to the Fifth Circuit Court of Appeals, the government's delay in responding to a court order is not sufficient reason to grant a habeas petition. *Wiggins v. Procunier,* 753 F.2d 1318, 1321 (5th Cir. 1985) (citing *Hyder* at *6); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981). In any event, the Government has now responded to Hardy's motion.

This Court hereby **denies** Hardy's motion to deem the matters alleged in his petition admitted **[doc. no. 116]**, but this Court **grants** Hardy's unopposed motion **[doc. no. 119]** for an extension of time to file a reply to the Government's Response in Opposition to his Motion to vacate under §2255. Hardy is allowed until April 28th 2017, to file his reply.

**SO ORDERED AND ADJUDGED,** this the 24th day of April, 2017.

                                                            ____s/ HENRY T. WINGATE_____
                                                            UNITED STATES DISTRICT JUDGE