IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CURTIS J. HARDY

V.  CIVIL NO. 3:16-CV-460-HTW
    CRIMINAL NO. 3:03-CR-68- HTW-1

UNITED STATES OF AMERICA

### ORDER DENYING MOTION FOR RECONSIDERATION

Before this Court is the pro se motion filed by Petitioner Curtis J. Hardy **[doc. no. 123]**;[1] said motion asks this court to reconsider its April 27, 2017, order [doc. no. 121], which denied his motion urged under 18 U.S.C. §2255 to vacate, set aside or correct his sentence. Because petitioner filed his motion pro se, this court liberally construes his documents and holds them to a less stringent standard than formal pleadings drafted by an attorney. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197 (2007); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).

### 28 U.S.C. § 2255

Petitioner filed his §2255 motion on June 17, 2016. Title 28 U.S.C. §2255 provides that a federal prisoner may move the sentencing court to vacate, set aside or correct that sentence if the prisoner claims his right to be released is based upon one of the following grounds: 1) that the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; or 4) that the sentence is

---

[1] Petitioner first filed his motion for reconsideration and for an extension of time on July 23, 2016, [doc. no. 122] followed shortly thereafter by this motion [doc. no. 123], which petitioner calls a motion to "supplement" the earlier motion [doc. no. 123]. This court treats the motion to supplement as an Amended Motion for Reconsideration, since all of the previous arguments are incorporated into this motion to supplement.

1

otherwise subject to collateral attack. A one-year statute of limitations applies to motions under this section.[2] Title 28 U.S.C. §2255(f).

More specifically, Hardy brought his petition pursuant to subsection (f) (3), which provides for that one-year limitation period from the date on which a right asserted was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. The United States Supreme Court ruling in *Johnson v. United States,* 135 S.Ct. 2551 (2015), which was made retroactive *by Welch v. United States,* 136 S.Ct. 1257 (2016), is the focus of Hardy's effort here, an effort which falls within the one-year limitation period.

The strictures of Title 28 U.S.C. § 2255(b) govern the matter of hearings holding that one is not necessary if the motion, files and record or recollection of the case show the defendant is not entitled to relief. 28 U.S.C. § 2255; *United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989); *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Guerra*, 588 F.2d 519 (5th Cir. 1979).

---

[2] Title 28 U.S.C. § 2255(f) provides:
 (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

## FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2003, petitioner was found guilty by a jury of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a gun during a crime of violence in violation of 18 U.S.C. §924(c)(1). *Presentence Investigation Report* [Sealed doc. no. 148]. This court sentenced him on October 3, 2003, to serve a total of 384 months in the custody of the Federal Bureau of Prisons. Pursuant to U.S.S.G. §4B1.1, this Court sentenced petitioner as a career offender. His last criminal offense was a felony crime of violence and he had two prior felony convictions of crimes of violence.[3] *Judgment of Conviction* [doc. no. 41]. After his sentencing, Hardy prosecuted an appeal to the United States Circuit Court of Appeals for the Fifth Circuit. That Court affirmed this district court's judgment on August 24, 2004. Although Hardy submitted a petition for writ of certiorari to the United States Supreme Court, that Court denied his petition on January 28, 2005. The United States Supreme Court denied his petition for writ of certiorari on January 28, 2005.

Petitioner has filed several post-conviction motions over the years, including a previous motion under §2255. For a district court to consider a motion pursuant to §2255 which is a second or successive motion, that motion must be certified by the Court of Appeals.[4] Petitioner

---

[3] At the time of petitioner's sentencing, U.S.S.G. §4B1.1(a) provided as follows:
  **Career Offender**
  (a) A defendant is a career offender if (1) the defendant was at lease eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime or violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

[4] Title 28 U.S.C. §2255(h) provides:
(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) **a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable** (emphasis added).

was granted the certificate giving him the right to file this successive motion by the Court of Appeals on May 26, 2016. Petitioner filed his § 2255 motion on June 17, 2016.

## PETITIONER'S CLAIMS

Hardy alleges in his §2255 motion that his case should be reopened for further sentencing proceedings in light of the United States Supreme Court ruling in *Johnson v. United States,* 135 S.Ct. 2551 (2015); the holding in that case was made retroactive to cases on collateral review by *Welch v. United States,* 136 S. Ct. 1257 (2016). The *Johnson* holding invalidated the residual clause of the Armed Career Criminals Act ("ACCA") contained in 18 U.S.C. § 924 (e)(2)(B)(ii)[5], which defines "violent felony."

Petitioner, though, was not sentenced under the ACCA. He was sentenced as a career offender under §4B1.1 of the federal sentencing guidelines, based on two prior convictions that were deemed "crime(s) of violence." The term "crime of violence" is defined by § 4B1.2(a). That section contains a clause at 4B1.2(a)(2) that is worded identically to the residual clause of the ACCA that was invalidated as unconstitutionally vague by the Supreme Court in *Johnson*. Petitioner contends that he was sentenced under this residual clause in the sentencing guidelines, and that it, too, is unconstitutionally vague based on the United States Supreme Court's decision in *Johnson.*

---

[5] Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." *Johnson v. U.S.* 135 S.Ct. 2551 (2015).
   The term "violent felony" is defined in Title 18 U.S.C. § 924 (e)(2)(B) as follows.
  (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
        (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
        (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; …

4

This court denied petitioner's motion, [see docket no.121], based on the United States Supreme Court's ruling in *Beckles v. United States,* which was decided after Hardy filed his motion. *Id.*, 137 S.Ct. 886 (2017). The *Beckles* court stated the following: "[w]e hold that the advisory sentencing guidelines are <u>not</u> subject to a vagueness challenge under the due process clause and that §4B1.2(a)'s residual clause is <u>not</u> void for vagueness." *Id.* at 895 (emphasis added). By its order of April 27, 2017, [doc. no. 121], this court determined that the United States Supreme Court's decision in *Beckles v. United States,* 137 S.Ct. 886 (2017), foreclosed the relief sought by petitioner.

Petitioner now asks this court to reconsider that decision. He argues that *Beckles* only applies to foreclose relief under the <u>advisory</u> sentencing guidelines and not under the <u>mandatory</u> guidelines under which he was sentenced. Petitioner was sentenced prior to the ruling in *United States v. Booker,* 543 U.S. 220 (2005), by which the sentencing guidelines were made advisory only. Arguing that the <u>mandatory</u> sentencing guidelines are subject to a vagueness challenge, petitioner contends that his conviction for robbery can no longer be considered a crime of violence under the residual clause of §4B1.2(a)

## ANALYSIS

**1. Statute of Limitations**

The Government contends that Hardy's 2255 motion is time barred. Neither the United States Supreme Court nor the Fifth Circuit has decided whether *Johnson* applies to sentences that were enhanced under the residual clause in §4B1.2 when the Guidelines were mandatory, says the Government. Therefore, Hardy's petition is untimely under 28 U.S.C.§ 2255(f), which provides for a one-year limitation period. The Supreme Court denied Hardy's writ of certiorari

on January 28, 2005 [doc. dated 1/28/2005], meaning that his statute of limitations expired one year later on January 28, 2006.

Hardy, though, contends that the United States Supreme Court's decision in the *Johnson* case started the running of the one-year statute under § 2255(f)(3), allowing Hardy to file his §2255 petition one year from the date of that decision or June of 2016.

Such is not the case. As the Government points out, the United States Supreme Court has not created any new right under *Johnson* that applies to sentences that were enhanced under the sentencing guidelines, including sentences imposed when the Guidelines were mandatory. The Fifth Circuit Court of Appeals explicitly stated, in *In re Arnick,* that "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines." *In re Arnick,* 826 F.3d 787, 788 (5th Cir. 2016). *Beckles* also created no such right. *United States v. Romero-Borego,* 2017 WL 2608715, at *1 (5th Cir. June 15, 2017).

The United States Supreme Court has not recognized any new right that entitles Hardy to relief. The United States Supreme Court did not hold that *Johnson* applies to guideline sentences on collateral review, so Hardy's limitation period did not begin with the *Johnson* decision but began one year after the United States Supreme Court denied his writ of certiorari. Hardy's motion is time-barred.

**2. Robbery as a 'Crime of Violence'**

Hardy's motion must additionally be denied on its merits. At the time of Hardy's conviction, §4B1.2(a) defined a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***

U.S.S.G. § 4B1.2(a).[6] (emphasis added).

The definition in subsection (1) above, is referred to as the "elements" clause. The first part of subsection (2) is called the "enumerated offenses clause", and the last phrase of subsection (2), beginning with ***"or otherwise"*** has come to be known as the "residual clause." The language of this last clause is identical to that of the residual clause found in the ACCA, which was held void for vagueness in *Johnson*. Although the statutory version of this language was invalidated by the United States Supreme Court in *Johnson*, the *Johnson* Court was clear that its decision "does not call into question application of the remainder of the ACCA's definition of a violent felony." The United States Supreme Court further clarified matters in *Beckles v. United States*, 137 S.Ct. 886 (2017), holding that *Johnson's* ruling also did not invalidate any portion of the sentencing guidelines, due to the role of the guidelines as advisory only.

Hardy contends that, because he was sentenced under the federal sentencing guidelines when they were mandatory rather than advisory, the *Beckles* case does not foreclose application of *Johnson* to his sentence. He argues that this court should invalidate the residual clause as applied to sentences imposed when the guidelines were mandatory. This court need not decide

---

[6] An amended version of this provision went into effect August 16, 2016. It provides:
The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>   (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery,** arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. §5845(a) or explosive material as defined in 18 U.S.C. § 841(c). (emphasis added).

7

that issue. This court need only decide whether a clause other than the residual clause of §4B1.2(a), embraces Hardy's robbery conviction.

At the time of Hardy's conviction and sentencing the crimes enumerated as violent offenses under § 4B1.2(a)(2) were burglary of a dwelling, arson, extortion, or offenses involving use of explosives. Robbery is not one of the crimes there enumerated. This court next looks to the "elements clause" of §4B1.2(a)(1). If robbery, for which Hardy was convicted, has as an element "the use, attempted use, or threatened use of physical force against the person of another," under subsection (1), the conviction meets the criteria for a "crime of violence" under the sentencing guidelines without resort to the residual portion of subsection (2).

To determine whether petitioner's prior convictions qualify as crimes of violence under the Guidelines, the Court must look to the statutory definition of the offense charged, rather than the defendant's actual conduct in committing the offense. *United States v. Velasco,* 465 F.3d 633, 638 (5th Cir. 2006). See *also United States v. Vargas-Duran,* 356 F.3d 598, 605 (5th Cir. 2004) (en banc). Petitioner was convicted of robbery in the Circuit Court of Holmes County, Mississippi, on July 30, 1985. Mississippi's "robbery" statute, sometimes referred to as the "simple robbery" statute, provides as follows.

> Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, *by violence to his person or by putting such person in fear of some immediate injury to his person*, shall be guilty of robbery.

Mississippi Code Ann. §97-3-73 (emphasis added).

This definition of robbery fits squarely within the definition of "crime of violence" contained in subsection (1), the "elements clause." The commission of robbery in Mississippi requires either putting the victim in fear of immediate injury, *See, e.g., Murphy v. State*, 868 So.2d 1030, 1037 (Miss. Ct. App. 2003), or threatened use of physical force. *See e.g., Clayton v.*

8

*State*, 759 So. 2d 1169, 1172 (Miss. 1999). This court is persuaded that robbery is a crime of violence as defined by USSG § 4B1.2(a)(1).

Hardy does not allege that his other conviction, an *armed* robbery conviction, is not a crime of violence; but it, too, satisfies the first prong of Guidelines § 4B1.2(a)(1) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another."

## CONCLUSION

Hardy's prior convictions of robbery and armed robbery both require at least the threat of force. Both offenses are, therefore, crimes of violence, bringing him squarely within the definition of "career offender" under USSG §§4B1.1 and 4B1.2(1), without resort to the residual clause he challenges; thus, his motion to reconsider this court's earlier order is **denied [doc. no. 123].** The court's previous order denying relief remains in effect.

**SO ORDERED AND ADJUDGED,** this the 1st day of December, 2017.

                                s/ HENRY T. WINGATE
                                UNITED STATES DISTRICT JUDGE

**Denial of Certificate of Appealability**

This court denies a Certificate of Appealability, in that the applicant has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED AND ADJUDGED,** this the 1st day of December, 2017.

                                s/ HENRY T. WINGATE
                                UNITED STATES DISTRICT JUDGE