IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CURTIS J. HARDY

V.                                          CIVIL NO. 3:16-CV-460-HTW
                                            CRIMINAL NO. 3:03-CR-68- HTW-1

UNITED STATES OF AMERICA

## ORDER

This cause is before the court on the pro se Motions of the Petitioner for Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(6) and 2255(f)(4) **[doc. no. 130]** and **[doc. no. 135].** Petitioner Curtis Hardy is a federal prisoner currently in the custody of the Federal Bureau of Prisons. Because petitioner filed his motion pro se, this court liberally construes his documents and holds them to a less stringent standard than formal pleadings drafted by an attorney. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197 (2007); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).

## BACKGROUND

On July 11, 2003, petitioner was found guilty by a jury of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and of brandishing a gun during a crime of violence in violation of 18 U.S.C. §924(c) (1). *Presentence Investigation Report* [Sealed doc. no. 148]. This court sentenced him on October 3, 2003, to serve a total of 384 months in the custody of the Federal Bureau of Prisons. Pursuant to U.S.S.G. §4B1.1, this Court sentenced petitioner as a career offender. His last criminal offense was a felony crime of violence and he had two prior felony convictions of crimes of violence -- robbery and armed robbery. *Judgment of Conviction* [doc. no. 41]. The United States Circuit Court of Appeals for the Fifth Circuit affirmed this district

court's judgment on August 24, 2004. The United States Supreme Court denied Hardy's petition for writ of certiorari on January 28, 2005.

Petitioner has filed several post-conviction motions over the years, including at least two previous motions under §2255. On May 26, 2016, Petitioner was granted a certificate giving him the right to file a successive §2255 motion by the Court of Appeals. Petitioner filed his § 2255 motion on June 17, 2016. This court entered an order on April 27, 2017 [doc. no. 121], denying that motion. Thereafter, Petitioner filed, on June 23, 2017, a motion and supplemental motion asking this court to reconsider its order of April 27, 2017[doc. no. 122] and [doc. no. 123].

The focus of Hardy's arguments in those motions was the ruling in *Johnson* v. *United States,* 135 S.Ct. 2551 (2015), which Hardy claimed should apply to invalidate his sentence under the career offender provisions of the federal sentencing guidelines. Hardy contended that because he was sentenced under the guidelines when they were mandatory rather than advisory, *Beckles v. United States*, 137 S.Ct. 886 (2017) did not foreclose the application of *Johnson* to his sentence. He argued that just as the residual clause of the career offender statute was declared unconstitutional in *Johnson*, the residual clause of the career offender provisions of the sentencing guidelines should also be declared unconstitutional.

By order of December 1, 2017 [doc. no. 126], this court denied the motion for reconsideration. This court stated in its order that Petitioner's prior crimes are crimes of violence that bring him within the "career offender" definition under U.S.S.G. §§ 4B1.1 and 4B1.2(1) without resort to the residual clause he challenged. Additionally, Petitioner's claims were time-barred under the 1-year limitation period of 28 U.S.C. §2255(f)[1] unless Petitioner could show

---

[1] Title 28 U.S.C. § 2255(f) provides:
(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction becomes final;

2

that he filed his motion within one year of the date the United States Supreme Court had recognized a new right that applied to Petitioner and that was made retroactively applicable to his case. As this court stated in its previous order, however, the United States Supreme Court did not create any new right under *Johnson* that applies to sentences that were enhanced under the sentencing guidelines, including sentences imposed when the Guidelines were mandatory.

Petitioner is currently attempting to appeal that ruling, but has additionally filed the instant motions, again asking this court to reconsider its previous orders and to grant relief from the judgment.

PETITIONER'S CURRENT MOTIONS

Although Petitioner labels his motions as brought, in part, under the auspices of Rule 60(b)(6) of the Federal Rules of Civil Procedure (as well as under §2255), his motions are, in actuality, successive § 2255 petitions. Hardy seeks to have this court vacate, set aside or correct his sentence under the provisions of 28 U.S.C. § 2255.

The strictures of Title 28 U.S.C. § 2255(b) govern the matter of hearings holding that one is not necessary if the motion, files and record or recollection of the case show the defendant is not entitled to relief. 28 U.S.C. § 2255; *United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989); *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *United States v. Fuller*,

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Guerra*, 588 F.2d 519 (5th Cir. 1979). This court has determined that a hearing in this matter is not necessary.

These most recent motions of the petitioner, seeking post-conviction relief under 28 U.S.C. §2255 must be denied for lack of jurisdiction, because neither has been certified by the United States Court of Appeals for the Fifth Circuit. The current motions, despite their labels, are nothing more than successive attempts to seek post-conviction relief under §2255. Petitioner has not obtained authorization from the appellate court to file a successive motion under that statute. As petitioner has not complied with the necessary requirements, the successive motions for relief must be denied. See *United States v. Sellers,* 247 F.3d 241,241 (5th Cir. 2001). This is true regardless of how petitioner styles his motions. See *United States v. Rich,* 141 F.3d 550, 553 (5th Cir. 1998), cert denied, 119 S.Ct. 1156 (1999) (the district court lacked jurisdiction to consider petitioner's §2255 motion even though it was styled as a motion to reconsider).

For the reasons stated, this court dismisses the motions as successive §2255 petitions in accordance with Title 28 U.S.C. § 2255(h)[2] and Rule 9[3] of the Rules Governing Proceedings in the United States District Courts on motions under § 2255.

---

[2]Title 28 U.S.C. § 2255(h) provides:
(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[3] **Rule 9. Second or Successive Motions**
    Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.
Rule 9 of the Rules Governing Proceedings in the United States District Courts on a motion under § 2255.

IT IS THEREFORE ORDERED that Petitioner's motions under 28 U.S.C. § 2255 [doc. no. 130] and [doc. no. 135] are hereby denied.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue. Petitioner has failed to make a substantial showing of the denial of a constitutional right.

**SO ORDERED AND ADJUDGED,** this the 29th day of October, 2018.

                                                  s/HENRY T. WINGATE
                                                 UNITED STATES DISTRICT JUDGE