**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                    **CRIMINAL ACTION No.: 3:03-CR-68-HTW**

**CURTIS JEROME HARDY**

**ORDER**

BEFORE THIS COURT are the following motions, filed by the defendant, Curtis Hardy (hereinafter referred to as "Hardy"): Motion for Reconsideration **[Docket no. 180]**; Motion for Leave to File Amendment **[Docket no. 182]**; and Motion for Court Order Compelling Public Defender Office Production of Requested Documents **[Docket no. 187]**. Hardy, by his motions, asks this court to reconsider its order denying his request for compassionate release due to the COVID-19 pandemic. This court has reviewed the submissions of the parties and finds as follows.

## I.   MOTION FOR LEAVE TO FILE AMENDMENT [Docket no. 182]

This court will take Hardy's Motion for Leave to File Amendment [Docket no. 182] out of chronological order because it integrally impacts this court's ruling on Hardy's Motion for Reconsideration [Docket no. 180]. By his motion, Hardy asks this court to consider the following "new evidence": court opinions from outside of the Fifth Circuit which have granted compassionate release; and his contention that the United States Bureau of Prisons has not controlled the spread of COVID-19.

This court has reviewed Hardy's motion and finds such to be extraneous and irrelevant material. Evidence is defined as "Something (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact; anything presented to the senses and offered to prove the existence or nonexistence of a fact <the bloody glove is the key

1

piece of evidence for the prosecution>." EVIDENCE, Black's Law Dictionary (11th ed. 2019).
What Hardy terms "new evidence" is not evidence at all: Hardy has restated his previous
arguments to this court; provided unsworn and unsupported statements of "fact"; and cited
unpersuasive and non-precedential legal authority. That notwithstanding, this court will grant
Hardy's motion so that it may issue its ruling on said "new evidence" on the merits.

## II.  MOTION FOR RECONSIDERATION [Docket no. 180]

"[A]lthough there is no authority in the Federal Rules of Criminal Procedure for a "motion
for reconsideration," its use has been "repeatedly and expressly sanctioned" by the Supreme Court.
*U.S. v. Cook*, 670 F.2d 46, 48 (5th Cir.1982) (citing *U.S. v. Dieter*, 429 U.S. 6 (1976); U.S. v.
Healy, 376 U.S. 75 (1964); et al.). Motions to reconsider in criminal cases are treated like motions
to reconsider in civil suits. *U.S. v. Rollins*, 607 F.3d 500, 502 (7th Cir.2010)(citing *U.S. v. Healy*,
376 U.S. 75 (1964)).

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of
Civil Procedure." *McDonald v. Entergy Operations, Inc*., No. 5:03cv241, 2005 WL 1528611, at
*1 (S.D. Miss May 31, 2005). This court has "considerable discretion" in deciding whether to grant
a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir.
1993).

There are only three grounds for which this court may grant a motion for reconsideration:
"(a) an intervening change in controlling law, (2) the availability of new evidence not previously
available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley
v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522, 2000 WL 1349184, at *2 (S.D. Miss.
Sept. 8, 2000). If none of these three grounds is present, this court must deny the motion. *Id*. at *3.

This court has reviewed the submissions of the defendant and finds that his motion does not offer any of the following: intervening changes in controlling law; new evidence that was not previously available; or the need to correct a clear error of law or to prevent manifest injustice.

Hardy first asserts that this court did not consider all of his medical conditions and specifically: an inflamed thyroid; possible cancerous nodules in his chest; and a knee replacement surgery. Hardy has again failed to show this court that any of Hardy's medical conditions are terminal or that he is incapable of caring for himself and his medical conditions. In fact, Hardy concedes as much saying "[u]nder normal circumstances, the Petitioner['s] medical condition would not satisfy the 'extraordinary and compelling' standard". Hardy asserts that it is only the ongoing COVID-19 pandemic that brings his medical conditions under the penumbra of the compassionate release standard. This court disagrees. Hardy would be exposed to the COVID-19 virus outside of confinement as well and this court again does not find that Hardy's medical conditions are life threatening or that Hardy cannot take care of himself.

Hardy next asks this court to find that a change in the numbers of inmates at FCI Allenwood Medium, where he is currently confined, constitutes an "extraordinary and compelling" reason for this court to order him released to home confinement. According to the United States Bureau of Prisons (hereinafter referred to as "BOP"), FCI Allenwood Medium facility currently houses 1,093 total inmates. Hardy alleges that 124 inmates have died during the COVID-19 pandemic and that FCI Allenwood Medium has been slow in testing inmates, both allegations are unfounded. As of January 12, 2021, BOP indicates that it has completed 947 COVID tests on inmates with only 1 test still pending. *See* https://www.bop.gov/coronavirus/. As a result of those COVID-19 tests, BOP reports that 503 inmates housed at FCI Allenwood Medium have had COVID-19 (although the majority have recovered already). *Id.* Currently, FCI Allenwood Medium has 92 inmates with

3

active COVID-19 cases and 25 staff[1] with active COVID-19 cases. *Id.* BOP reports no inmate or staff deaths at FCI Allenwood Medium as a result of a COVID-19 infection. *Id.* This court finds that the numbers have not changed such that it would impact this court's prior determination that COVID-19 does not present an "extraordinary and compelling" reason for this court to order him released to home confinement.

Hardy further states that this court made an error of fact in concluding that his instant offense was an "assault-related conviction or behavior" and that he had no prior conviction for any assault offense. He has misread this court's opinion, this court found that Hardy's instant conviction for bank robbery and brandishing a firearm during a crime of violence, along with his two prior convictions for bank robbery, possession of cocaine and possession of counterfeit money all led this court to conclude that he was a danger to the community. This court also stated that:

> Hardy also had charges pending in the State of Texas for Assault on a State Trooper. Hardy has had at least five (5) contacts with law enforcement for assault-related behavior – on law enforcement, domestic violence assault, aggravated assault, and simple assault.

[Docket no. 180, p. 13]. This court did not find that Hardy had been convicted for such offenses but, this court did take those arrests into consideration when it determined that Hardy was a danger to the community.

Hardy also asks this court to consider the "Male Pattern Risk Scoring" form he submitted which was allegedly conducted by BOP, indicating that he allegedly has a total general score of 4 and a total violent score of 4. The form itself seems to indicate that Hardy has a minimum risk level for both general and violence. Hardy, however, submitted no affidavit, testimony, or other evidence from which this court may interpret such form. Even had he done so, this court is

---

[1] BOP does not indicate how many total staff it has tested for COVID-19 or how many have been infected and recovered.

unpersuaded that his lengthy and deplorable criminal history should be ignored and still finds that Hardy presents a real danger to the community if he were released.

Defendant's motion to reconsider is his attempt to have a second bite at the apple, and this court will not entertain such.

### III. MOTION FOR COURT ORDER COMPELLING PUBLIC DEFENDER OFFICE PRODUCTION OF REQUESTED DOCUMENTS [Docket no. 187]

Finally, Hardy asks this court to order the Federal Public Defender's Office in Jackson, Mississippi to forward a copy of the order denying his compassionate release [Docket no. 177]. This court finds Hardy should possess and intellectually digest a copy of this court's order denying his motion for compassionate release [Docket no. 177]. Accordingly, this court will order the United States District Court Clerk to mail a copy of said order to Hardy at no cost.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED that Hardy's Motion for Reconsideration [Docket no. 180] is hereby DENIED for the reasons stated above.**

**IT IS FURTHER ORDERED that Hardy's for Leave to File Amendment [Docket no. 182] is hereby GRANTED as stated above.**

**IT IS FINALLY ORDERED that Hardy's Motion for Court Order Compelling Public Defender Office Production of Requested Documents [Docket no. 187] is hereby GRANTED IN PART. The United States District Court Clerk shall mail a copy of this order and the Order Denying Compassionate Release [Docket no. 177] to the defendant.**

**SO ORDERED this the 19ᵗʰ day of March, 2021.**

s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**