# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 9, 2022
Lyle W. Cayce
Clerk

No. 20-60859
CONSOLIDATED WITH
No. 21-60280

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CURTIS J. HARDY,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-68-1

Before OWEN, *Chief Judge*, and CLEMENT and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

  Hardy appeals the district court's denials of his 18 U.S.C. § 3582(c)(1)(A) compassionate release motion as well as his motion to reconsider. He requests a sentence reduction due to his greater risk of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60859
c/w No. 21-60280

complications from the ongoing COVID-19 pandemic. Because the district court ruled on Hardy's motions before our decision in *United States v. Shkambi*,[1] we vacate the district court's orders and remand for reconsideration in light of that decision.

**I**

Following a jury trial in 2003, Curtis Jerome Hardy was convicted of bank robbery pursuant to 18 U.S.C. § 2113 as well as brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c). He was sentenced to 384 months of imprisonment. We affirmed his conviction and sentence on direct appeal.[2] He is serving his federal sentence at the Allenwood Federal Correctional Institution and scheduled to be released in March 2032. Hardy is now fifty-seven years old and has several health conditions, including high cholesterol, high blood pressure, and diabetes.

Hardy filed a pro se motion for compassionate release under § 3582(c)(1)(A) in January 2020. He was appointed counsel by the Office of the Federal Defender. Hardy argued that he is at greater risk of complications from the COVID-19 pandemic because his health conditions make him more vulnerable than other inmates. He claimed that his heightened risk, coupled with his good behavior while incarcerated, are "extraordinary and compelling reasons" warranting a sentence reduction.

The district court denied Hardy's § 3582(c)(1)(A) motion. First, the court determined that Hardy "utterly fail[ed]" to establish how his conditions qualify as "extraordinary and compelling reasons" for relief. The court applied the Sentencing Commission's guidance at U.S.S.G. § 1B1.13

---

[1] 993 F.3d 388 (5th Cir. 2021).

[2] *United States v. Hardy*, 101 F. App'x 959 (5th Cir. 2004) (per curiam) (unpublished).

No. 20-60859
c/w No. 21-60280

on what is "extraordinary and compelling." Because Hardy did not have a terminal illness and his condition did not substantially diminish his ability to care for himself while incarcerated, the court concluded that his conditions did not warrant a sentence reduction. Second, the court recognized that Hardy earned an "Act of Heroism" award while incarcerated, but the court determined that his good behavior is also not sufficient for relief. Lastly, the court reasoned that even if there were "extraordinary and compelling reasons" for a reduction, Hardy did not satisfy the other requirements of § 1B1.13. The court relied on the Commission's guidance at § 1B1.13(2) that sentences must not be reduced if the prisoner is a "danger to the safety of any other person or to the community." The court surveyed Hardy's lengthy prior criminal history, including his multiple violent offenses. It observed that "custody appears to be the only place that prevents Hardy from committing serious and violent crimes," and it concluded that Hardy would "unmistakably present[] a danger to the community if th[e] court were to champion his release."

Hardy appealed the district court's denial of his § 3582(c)(1)(A) motion. He also moved for reconsideration, which the district court separately denied. Hardy also appealed that denial. We consolidated the appeals.

## II

Hardy raises two arguments. First, he contends that the district court erred in denying his § 3582(c)(1)(A) motion for compassionate release. Second, he argues that his continued incarceration runs afoul of the Eighth Amendment's ban on cruel and unusual punishment. We address each argument in turn.

No. 20-60859
c/w No. 21-60280

## A

We review a district court's denial of a § 3582 (c)(1)(A) motion for a sentence reduction for abuse of discretion.[3] A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence."[4]

Section 3582(c)(1)(A) permits prisoners to seek a reduction in their term of imprisonment. As recently amended by the First Step Act, the provision states in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[5]

---

[3] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

[4] *Id.* (citation omitted).

[5] 18 U.S.C. § 3582(c)(1)(A).

No. 20-60859
c/w No. 21-60280

Before the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on a motion by the BOP.[6] "[N]ow, a defendant can file such motions directly in [the] district court."[7] For the prisoner's motion to succeed, the three requirements of § 3582(c)(1)(A) must be met: (1) there must be "extraordinary and compelling reasons" warranting a sentence reduction; (2) relief must be consistent with the Commission's applicable policy statements; and (3) prisoners must persuade the district court to grant relief after considering the 18 U.S.C. § 3553(a) factors.[8]

Congress has never defined "extraordinary and compelling reasons," instead delegating that authority to the Commission.[9] The Commission's existing policy statement at § 1B1.13 "articulate[s] four categories of 'extraordinary and compelling reasons' that could warrant a sentence reduction: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons."[10] Relief under § 1B1.13 also requires that the prisoner not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[11] In *United*

---

[6] *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021).

[7] *Id.*

[8] *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed," "the kinds of sentences available," "the kinds of sentence and the sentencing range established for" the offense, "any pertinent policy statement" issued by the Commission, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

[9] *Shkambi*, 993 F.3d at 391.

[10] *Id.* (citing U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(A)-(D) (U.S. Sent'g Comm'n 2018)).

[11] § 1B1.13(2).

5

*States v. Shkambi*, we held that § 1B1.13 only applies to compassionate release motions brought by the BOP, not prisoners.[12] The Commission has not yet adopted a new statement in response to the First Step Act.[13] Thus, a prisoner who files a § 3582(c)(1)(A) motion only needs to show an "extraordinary and compelling" reason for relief and that a sentence reduction would be consistent with the § 3553(a) factors.[14] Put another way, he or she does not need to satisfy § 1B1.13, including its requirement that the prisoner not pose a danger to the community under § 3142(g).[15]

Having moved for compassionate release himself, Hardy argues that the district court erred by confining its analysis to § 1B1.13, citing *Shkambi*. The Government concedes that § 1B1.13 is no longer binding, but it maintains that the district court separately denied Hardy relief under § 3553(a) and that we may affirm on that basis.

"We may affirm the district court's judgment on any basis supported by the record."[16] Even though the Commission's guidance at § 1B1.13 is no longer binding on compassionate release motions filed by prisoners, relief must still be consistent with the § 3553(a) factors.[17] Thus, if a prisoner files a compassionate release motion and a district court denies it based on § 1B1.13 as well as § 3553(a), we may affirm the independent § 3553(a)

---

[12] *Shkambi*, 993 F.3d at 392.

[13] *Id.*

[14] *Id.*

[15] *See id.*

[16] *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014) (citation omitted).

[17] *Shkambi*, 993 F.3d at 392.

rationale despite a § 1B1.13 error.[18] The issue in this case, therefore, is whether the lower court independently denied Hardy relief under § 3553(a).

We conclude that the district court did not rely on § 3553(a) when it denied Hardy's compassionate release motion. The court reasoned that even if "extraordinary and compelling reasons" warrant a sentence reduction, Hardy still posed a danger to the community such that his motion must be denied. That was a § 3142(g) inquiry that treated the policy statement as binding.[19] We recognize that when the district court analyzed Hardy's potential danger to the community, it effectively considered several § 3553(a) factors due to the inquiries' overlap.[20] But the district court never expressly relied on § 3553(a), unlike in our recent decisions affirming district courts' denials of compassionate release motions in which the courts clearly stated § 3553(a) was an independent basis for denial.[21] Here, because the district

---

[18] *See, e.g.*, *United States v. Tobar*, No. 21-50148, 2021 WL 5768090, at *1 (5th Cir. Dec. 3, 2021) (per curiam) (unpublished) ("Because we affirm on the basis of the district court's § 3553(a) analysis, we need not address Tobar's challenge to the district court's determination that compassionate release was also not warranted under the § 1B1.13(2) policy statement."); *United States v. Simon*, No. 21-30057, 2021 WL 4782790, at *1 (5th Cir. Oct. 13, 2021) (per curiam) (same); *United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (per curiam) (same); *United States v. Keys*, 846 F. App'x 275, 276 (5th Cir. 2021) (per curiam) (same).

[19] *See* § 1B1.13(2) (requiring that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)").

[20] *Compare* § 1B1.13(2) (requiring an inquiry into whether the defendant is "a danger to the safety of any other person or to the community"), *with* § 3553(a) (listing "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant" as factors to consider).

[21] *See, e.g.*, *Tobar*, 2021 WL 5768090, at *1; *Simon*, 2021 WL 4782790, at *1; *Shorter*, 850 F. App'x at 328; *Keys*, 846 F. App'x at 276; *see also United States v. Cooper*, 996 F.3d 283, 288 & n.5 (5th Cir. 2021) (declining to construe the lower court's reliance on Cooper's remaining sentence in its denial of a compassionate release motion as an independent holding under § 3553(a)).

court was clear that it anchored its denial of Hardy's motion under § 3142(g), not § 3553(a), we vacate the district court's order and remand for reconsideration in light of *Shkambi*.

## B

Hardy also challenges his confinement under the Eighth Amendment. He asserts that his continued imprisonment in unsafe conditions amounts to cruel and unusual punishment. We do not consider arguments raised for the first time on appeal.[22] Hardy did not raise his Eighth Amendment argument in the district court, forfeiting this claim.

\* \* \*

The district court's orders are VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

---

[22] *Martinez v. Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020) (per curiam).